IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01821-BNB

JESSE BASSINGER,
    Applicant,

v.

R. WILEY, Warden,
    Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Jesse Bassinger is a prisoner in the custody of the United States
Bureau of Prisons (BOP) at the Federal Prison Camp at Florence, Colorado. Mr.
Bassinger initiated this action by filing *pro se* an application for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241. In an order filed on September 4, 2008, Magistrate
Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to
addressing the affirmative defense of exhaustion of administrative remedies. On
October 10, 2008, Respondent filed a Preliminary Response to Application for Writ of
Habeas Corpus. On November 3, 2008, Mr. Bassinger filed a reply to the preliminary
response.

The Court must construe the documents filed by Mr. Bassinger in this action
liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404
U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d
at 1110. For the reasons stated below, the action will be dismissed.

Mr. Bassinger is challenging a BOP rule or regulation that he alleges prohibits prison officials from considering inmates for placement in home confinement or community corrections centers prior to the last few months of their sentences. Mr. Bassinger argues that the challenged rule or regulation violates federal law because an inmate can be placed in community confinement at any time. Mr. Bassinger asserts that he has requested to be considered for a transfer to community confinement and that the responses he has received from his unit team and Respondent state that he will not be considered until he is within seventeen to nineteen months of his release date. Mr. Bassinger's projected release date is January 27, 2016.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Bassinger. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by

attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

Mr. Bassinger concedes that he has not exhausted administrative remedies. According to the documents attached to Mr. Bassinger's memorandum of law in support of the habeas corpus application, he attempted to resolve this matter informally and he filed a formal grievance at the institution level that was rejected on July 30, 2008. According to documents submitted by Respondent with their preliminary response, Mr.

3

Bassinger subsequently filed a regional appeal and he received a response to his regional appeal on September 12, 2008, after the instant action already had been filed. There is no indication that Mr. Bassinger has filed a national appeal.

Despite his failure to exhaust administrative remedies, Mr. Bassinger argues that this action should not be dismissed for that reason. He first contends that this action should not be dismissed for failure to exhaust because there is no statutory requirement to exhaust administrative remedies and because the Prison Litigation Reform Act does not apply to habeas corpus actions. Although Mr. Bassinger is correct that exhaustion of administrative remedies is not required in this action under the Prison Litigation Reform Act or any other statute, he still must exhaust administrative remedies prior to seeking habeas corpus relief pursuant to § 2241. *See Williams*, 792 F.2d at 987.

Mr. Bassinger also argues that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile. Mr. Bassinger is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action.

Mr. Bassinger fails to provide any reasoned argument in support of his argument that exhaustion would be futile. The fact that Mr. Bassinger was unsuccessful in his efforts to seek administrative relief at the institution level prior to filing this action, and subsequently at the regional level as well, does not demonstrate that exhaustion of administrative remedies would be futile. His conclusory assertion that there is no chance anyone in the BOP will grant the relief he seeks also does not demonstrate that

4

exhaustion of administrative remedies would be futile. As a result, the Court finds that this action should be dismissed for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this _18_ day of _____ _Nov._ _____, 2008.

BY THE COURT:

_____
ZITA/L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-01821-BNB

Jesse Bassinger
Reg. No. 07874-046
FPC - Florence
PO Box 5000
Florence, CO 81226-5000

Paul Farley
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/19/08


GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk